IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES STURDIVANT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 12 C 8186 |
| | ) |
| CAROLYN COLVIN, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff James Sturdivant's (Sturdivant) motion for reconsideration and motion for attorneys' fees. For the reasons stated below, the motions are granted.

## BACKGROUND

Sturdivant filed an application (Application) for Supplemental Security Income benefits with the Social Security Administration (SSA). The SSA denied the Application, and Sturdivant requested a hearing before an Administrative Law Judge (ALJ). On May 23, 2011, the ALJ denied the request for benefits, and on August 8,

1

2012, the Appeals Council denied a request for review. On October 11, 2012, Sturdivant filed an appeal from the ALJ's ruling before this court and the parties subsequently filed cross-motions for summary judgment. On September 26, 2013, the court denied Defendant's motion for summary judgment and granted Sturdivant's motion for summary judgment, remanding the instant action to the SSA for further proceedings consistent with the court's opinion. On December 19, 2013, Sturdivant filed a motion for attorneys' fees as the prevailing party pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), seeking the amount of $12,252.01 for an award of attorneys' fees. On January 8, 2014, Sturdivant failed to appear on his noticed motion and the court denied the motion without prejudice. On that same date, Sturdivant filed a motion for reconsideration brought pursuant to Federal Rule of Civil Procedure 59(e) (Rule 59(e)), requesting that the court reconsider its ruling.

## LEGAL STANDARD

Rule 59(e) permits parties to file, within twenty-eight days of the entry of a judgment, a motion to alter or amend the judgment. Fed. R. Civ. P. 59(e). The court may grant a Rule 59(e) motion "if the movant presents newly discovered evidence . . . or . . . points to evidence in the record that clearly establishes a manifest error of

2

law or fact." *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012)(citing *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996)). Rule 59(e) motions do not give a party the opportunity "to undo its own procedural failures." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006)(citing *Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000)). Rather, Rule 59(e) "allow[s] the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Charles v. Daley*, 799 F.2d 343, 348 (7th Cir. 1986). The decision of whether to grant or deny a motion brought pursuant to Rule 59(e) "is entrusted to the sound judgment of the district court. . . ." *Prince*, 85 F.3d at 324 (citing *LB Credit Corp.*, 49 F.3d at 1267).

Further, when a plaintiff who seeks a review of a decision made by the Commissioner of Social Security obtains a remand, the plaintiff is deemed a prevailing party and is entitled to attorneys' fees and other expenses under the EAJA "unless 'the position of the United States was substantially justified. . . .'" *Bassett v. Astrue*, 641 F.3d 857, 859 (7th Cir. 2011)(quoting 28 U.S.C. § 2412(d)(1)(A)) (stating, in addition, that "[t]he commissioner's position is substantially justified if a reasonable person could conclude that the ALJ's opinion and the commissioner's defense of the opinion had a rational basis in fact and law").

**DISCUSSION**

I. Motion to Reconsider

Although Sturdivant indicates that his motion for reconsideration was brought under Rule 59(e), (Recon. 1), the court notes that "merely titling a document a Rule 59(e) motion does not make it one." *Lentomyynti Oy v. Medivac, Inc.*, 997 F.2d 364, 366 (7th Cir. 1993). The Seventh Circuit has stated that "[g]enuine Rule 59(e) motions are used to request 'reconsideration of matters properly encompassed in a decision on the merits.'" *Lentomyynti*, 997 F.2d at 366 (quoting *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 451 (1982)). Accordingly, this court must first determine whether granting Sturdivant's request "would truly alter the merits of the judgment or whether it addresses a matter wholly collateral to the judgment on the merits." *Lentomyynti*, 997 F.2d at 366; *see United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992)(stating that "district courts must remain diligent in deciding which motions . . . are substantive and which are either wholly collateral to the judgment or purely procedural").

For purposes of Rule 59(e), a substantive motion is one "that if granted would result in a substantive alteration in the judgment rather than just in a correction of a clerical error or in a purely procedural order such as one granting an extension of time within which to file something." *Britton v. Swift Transp. Co., Inc.*, 127 F.3d

616, 618 (7th Cir. 1997). In contrast, "[m]otions seeking collateral relief such as costs or legal fees do not come within Rule 59." *Lac Du Flambeau Band of Lake Superior Chippewa Indians v. State of Wis.*, 957 F.2d 515, 517 (7th Cir. 1992); *see also Spray-Rite Serv. Corp. v. Monsanto Co.*, 684 F.2d 1226, 1247-48 (7th Cir. 1982)(stating "a request for attorney's fees . . . raises legal issues collateral to the main cause of action–issues to which Rule 59(e) was never intended to apply").

In this case, Sturdivant is not attempting to change a judgment based on the merits of the case, but rather seeks the attorneys' fees due after a judgment. *See Samuels v. Am. Motors Sales Corp.*, 969 F.2d 573, 577-78 (7th Cir. 1992). Sturdivant argues that his failure to appear on January 8, 2014 was an administrative oversight since Sturdivant's firm lost one of its full-time associate attorneys on December 26, 2013 and had subsequently fallen behind on its caseload. (Recon. 1-2). Sturdivant also contends that the Defendant's arguments relating to Sturdivant's failure to appear are improper as Defendant had previously failed to appear on two separate status hearing dates set by the court, for which Sturdivant's counsel had to make repeated trips from Evanston to Chicago. (Reply 3). A review of the docket confirms that Defendant failed to appear at the court's noticed hearings on both December 6, 2012 and December 13, 2012.

Additionally, Sturdivant acknowledges that the court's docket must be

616, 618 (7th Cir. 1997). In contrast, "[m]otions seeking collateral relief such as costs or legal fees do not come within Rule 59." *Lac Du Flambeau Band of Lake Superior Chippewa Indians v. State of Wis.*, 957 F.2d 515, 517 (7th Cir. 1992); *see also Spray-Rite Serv. Corp. v. Monsanto Co.*, 684 F.2d 1226, 1247-48 (7th Cir. 1982)(stating "a request for attorney's fees . . . raises legal issues collateral to the main cause of action–issues to which Rule 59(e) was never intended to apply").

In this case, Sturdivant is not attempting to change a judgment based on the merits of the case, but rather seeks the attorneys' fees due after a judgment. *See Samuels v. Am. Motors Sales Corp.*, 969 F.2d 573, 577-78 (7th Cir. 1992). Sturdivant argues that his failure to appear on January 8, 2014 was an administrative oversight since Sturdivant's firm lost one of its full-time associate attorneys on December 26, 2013 and had subsequently fallen behind on its caseload. (Recon. 1-2). Sturdivant also contends that the Defendant's arguments relating to Sturdivant's failure to appear are improper as Defendant had previously failed to appear on two separate status hearing dates set by the court, for which Sturdivant's counsel had to make repeated trips from Evanston to Chicago. (Reply 3). A review of the docket confirms that Defendant failed to appear at the court's noticed hearings on both December 6, 2012 and December 13, 2012.

Additionally, Sturdivant acknowledges that the court's docket must be

616, 618 (7th Cir. 1997).  In contrast, "[m]otions seeking collateral relief such as costs or legal fees do not come within Rule 59."  *Lac Du Flambeau Band of Lake Superior Chippewa Indians v. State of Wis.*, 957 F.2d 515, 517 (7th Cir. 1992); *see also Spray-Rite Serv. Corp. v. Monsanto Co.*, 684 F.2d 1226, 1247-48 (7th Cir. 1982)(stating "a request for attorney's fees . . . raises legal issues collateral to the main cause of action–issues to which Rule 59(e) was never intended to apply").

In this case, Sturdivant is not attempting to change a judgment based on the merits of the case, but rather seeks the attorneys' fees due after a judgment.  *See Samuels v. Am. Motors Sales Corp.*, 969 F.2d 573, 577-78 (7th Cir. 1992).  Sturdivant argues that his failure to appear on January 8, 2014 was an administrative oversight since Sturdivant's firm lost one of its full-time associate attorneys on December 26, 2013 and had subsequently fallen behind on its caseload.  (Recon. 1-2).  Sturdivant also contends that the Defendant's arguments relating to Sturdivant's failure to appear are improper as Defendant had previously failed to appear on two separate status hearing dates set by the court, for which Sturdivant's counsel had to make repeated trips from Evanston to Chicago.  (Reply 3).  A review of the docket confirms that Defendant failed to appear at the court's noticed hearings on both December 6, 2012 and December 13, 2012.

Additionally, Sturdivant acknowledges that the court's docket must be

respected, but argues that it would be "too harsh a sanction for an attorney failing to appear on the motion call one time, to bar forever the ability to seek statutory EAJA fees." (Reply 2). The court also notes that Sturdivant made an immediate effort to remedy his error as his motion to reconsider was filed on the same day as the court's decision. While parties are required to appear at the court's noticed hearings, the court finds that denying Sturdivant the ability to seek attorneys' fees would be too harsh a sanction in the instant action. Based on the above, the court will grant Sturdivant's motion and reinstate his petition for attorneys' fees.

II. Motion for Attorneys' Fees

The parties have fully briefed the issue of attorneys' fees. Defendant does not contest for the purposes of the instant motion Sturdivant's assertion that Defendant's position was not substantially justified, but Defendant does object to the number of hours billed by Sturdivant's attorneys. (Ans. 3).

Defendant argues that the number of hours billed by Sturdivant's attorneys is excessive. (Ans. 1). In his motion, Sturdivant seeks to recover for 64.9 hours of work billed by his attorneys at an hourly rate of $186.88, and 1.3 hours of legal assistant time at $95.00 per hour, totaling $12,252.01 in attorneys' fees and legal assistant fees. (Mot. 5). Defendant points out that Sturdivant's itemization of time in

fact adds up to 63.2 hours of attorney work. (Ans. 4). In his reply, Sturdivant acknowledges an error in calculation and agrees with the Defendant's calculation of 63.2 total attorney hours at the hourly rate of $186.88, adjusting the requested amount of attorneys' fees to $11,810.16, plus $123.50 in legal assistant fees, resulting in a total adjusted amount of $11,933.66. (Reply 6). This results in approximately a 1.7 hour reduction, or 63.2 hours total, which is a reasonable overall request in terms of the number of hours billed for this case.

Defendant also argues that Sturdivant billed too many hours based on the experience of Sturdivant's counsel. (Ans. 3). Defendant contends that Sturdivant's counsel is "very experienced in Social Security litigation, specifically in this jurisdiction" in considering the indicated time spent reviewing and briefing this case where the administrative record "is only 514 pages long." (Ans. 3). Defendant further contends that since one of the other attorneys who had billed hours for preparing Sturdivant's reply brief was "licensed to practice law in 2012," Defendant is not required to pay for the training of a newer associate who charges the same rate as a senior attorney. (Ans. 4-5). Defendant argues that it "should not be obligated to pay for that counsel's legal education." (Ans. 4);(quoting *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1258 (10th Cir. 2005)). However, the mere fact that Sturdivant's reply brief for summary judgment repeated some of the arguments set

forth in his main brief does not show that the amount of time billed was excessive or redundant.

Defendant has not shown that the time billed for abstracting the record and preparing briefs was outside the scope of a reasonable amount of time a competent attorney would take to do so. Nor has Defendant cited any binding Seventh Circuit precedent indicating to the contrary. Therefore, Sturdivant can recover fees for those 63.2 hours. Sturdivant also properly seeks additional hours for the time spent preparing the reply brief for the instant motion, which is an additional 5.1 hours, and is reasonable. Sturdivant's supplemental fee petition results in an additional requested amount of $953.08. Therefore, Sturdivant can recover fees for 68.3 billed hours (63.2 hours + 5.1 hours).

Aside from the 1.7 hour reduction, Sturdivant has shown the requested attorneys' fees are recoverable and reasonable and has provided sufficient documentation to support his request. Thus, Sturdivant can recover for 68.3 hours billed at an hourly rate of $186.88, which totals $12,763.24 for attorneys' fees. Therefore, Sturdivant is awarded a total amount of $12,763.24.

## CONCLUSION

Based on the foregoing analysis, Sturdivant's motions are granted, and Sturdivant is awarded a total of $12,763.24.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: April 18, 2014